# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** : | Case No. 12-20114-JAD |
| : | |
| **John E. Arnold and Diane S. Arnold,** : | Chapter 13 |
| Debtors. : | |
| : | |
| **Ronda J. Winnecour, Trustee,** : | Doc. No. |
| Movant, : | |
| : | Related Doc. No. 121, 122, 128, 131 |
| v. : | |
| : | |
| **John E. Arnold and Diane S. Arnold,** : | |
| Respondents. : | |

## ORDER SETTING DEADLINES ON RELATED CONTESTED MATTERS

The Chapter 13 Trustee filed two related pleadings: *Trustee's Motion to Increase Plan Base for Distribution of Escrow Refund to General Unsecured Creditors* (ECF No. 121), and *Trustee's Objection to Debtors' Amended Claim of Exemptions* (ECF NO. 128), collectively, the "Contested Matters." The Debtors filed responses to each of the Contested Matters (ECF Nos. 132, 133). The Court conducted a hearing on the Contested Matters on November 15, 2017, during which the Court heard arguments of counsel for the Chapter 13 Trustee and the Debtors. As set forth in the record made at the hearing, the Court requires the parties to file a joint stipulation of facts and further briefing on the

issues presented by the Contested Matters, and therefore, **IT IS HEREBY ORDERED**:

1. Since the Parties concede that this matter can be tried on a "case stated" basis, the Parties shall meet, confer, and file a Joint Stipulation of Facts, which shall be filed not later than **December 18, 2017**.

2. The Chapter 13 Trustee and the Debtors shall file a legal memorandum addressing the following issues:

    a. Whether or not the Escrow Refund (as defined in the Motions) should be paid to the unsecured creditors under the provisions of the current chapter 13 plan? That is, does the utilization of the Escrow Refund to fund the "pot" for pro rata distribution to unsecured creditors comply with the confirmed chapter 13 plan?

    b. If the return of the Escrow Refund proceeds to the Debtors is tantamount to a modification of the Debtors' confirmed chapter 13 plan, is the plan modification permissible under 11 U.S.C. §1329, including but not limited to, whether a confirmed chapter 13 Plan can be modified after month 60?

    c. Conversely, if the Escrow Refund is utilized to fund a pro rata distribution to unsecured creditors, and if such a use of the funds is a modification of the existing confirmed plan, is such modification permissible under 11 U.S.C. §1329, including but not limited to, whether a confirmed chapter 13 Plan can be modified after month 60?

    d. Even though the rules permit amendment to claims of exemptions before the close of a chapter 13 case, should the Debtors' amendment of exemptions be disallowed because the request was made after month 60 of the Debtors' confirmed chapter 13 Plan.

    e. Whether the Debtors' amended exemptions as to the Escrow Refund should be disallowed as being untimely for any reason, including but not limited to any exceptions that may exist under the general right to amend under Fed. R. Bankr. P. 1009.

2

The Chapter 13 Trustee's Legal Memorandum shall be filed before **January 15, 2018**. The Debtors shall file their Legal Memorandum within **14 days** after receipt of that filed by the Chapter 13 Trustee.

3. Following receipt of the Joint Stipulation of Facts and the Legal Memoranda of the Parties, the Court shall rule on the Contested Matters on a case stated basis, deciding whether the relief requested by the Contested Matters is permissible as a matter of law.

| | |
|---|---|
| **IT IS SO ORDERED.** | **BY THE COURT:** |
| **Dated: November 20, 2017** | **/s/ Jeffery A. Deller**<br>**JEFFERY A. DELLER**<br>**Chief United States Bankruptcy Judge** |

Court Administrator to serve:
Debtors
Counsel to Debtors
Chapter 13 Trustee

FILED
11/21/17 8:48 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Imaged Certificate of Notice    Page 4 of 4

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
John E Arnold  
Diane S Arnold  
    Debtors

Case No. 12-20114-JAD  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: amaz     Page 1 of 1     Date Rcvd: Nov 21, 2017  
                          Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 23, 2017.  
db/jdb     +John E Arnold,    Diane S Arnold,    244 W. Cruikshank Rd.,    Butler, PA 16002-8911  
tr     +Ronda J. Winnecour,    Suite 3250, USX Tower,    600 Grant Street,    Pittsburgh, PA 15219-2702

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2017                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2017 at the address(es) listed below:  
         Dai Rosenblum    on behalf of Debtor John E Arnold dunmyrem@zoominternet.net,  
    dailaw@earthlink.net;dailaw2@earthlink.net;pjbz@zoominternet.net;jmp8618@gmail.com  
         Dai Rosenblum    on behalf of Plaintiff Diane S Arnold dunmyrem@zoominternet.net,  
    dailaw@earthlink.net;dailaw2@earthlink.net;pjbz@zoominternet.net;jmp8618@gmail.com  
         Dai Rosenblum    on behalf of Plaintiff John E Arnold dunmyrem@zoominternet.net,  
    dailaw@earthlink.net;dailaw2@earthlink.net;pjbz@zoominternet.net;jmp8618@gmail.com  
         Dai Rosenblum    on behalf of Joint Debtor Diane S Arnold dunmyrem@zoominternet.net,  
    dailaw@earthlink.net;dailaw2@earthlink.net;pjbz@zoominternet.net;jmp8618@gmail.com  
         James Warmbrodt    on behalf of Creditor    Nationstar Mortgage, LLC. bkgroup@kmllawgroup.com  
         Jerome B. Blank    on behalf of Creditor    Nationstar Mortgage, LLC. pawb@fedphe.com  
         John Michael Kolesnik    on behalf of Creditor    BANK OF AMERICA, N.A. pawb@fedphe.com,  
    fedphe@hotmail.com;amber.zinski@phelanhallinan.com  
         Mario J. Hanyon    on behalf of Creditor    Bank of America, N.A., et. al. pawb@fedphe.com  
         Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
         Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
         Rosemary C. Crawford    on behalf of Trustee Rosemary C. Crawford crawfordmcdonald@aol.com,  
    PA68@ecfcbis.com  
                                             TOTAL: 11